Torruella v. El Reristrador de la Propriedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Ponce.

No. 9.—Resuelto en junio 29, 1907.

Legado—Prohibición de Enagenar, Gravar, Etc.—Usufructo.—En el testamento á que se refiere el caso de autos, y con respecto á un legado hecho por el testador á favor de su hijo, consignó aquél lo siguiente : ''Que el legatario no podrá enagenar, permutar, gravar, ni hipotecar la finca urbana que le correspondiese por virtud de dicho legado, sino únicamente usufructuarla, conservando la propiedad para sus descendientes legítimos.'' *Se resolvió:* Que esa prohibición del testador era absoluta, y limitaba, no sólo la nuda propiedad, sino el usufructo, y que el legatario no podía ceder este último á un tercero.

Los hechos están expresados en la opinión.

Abogado del recurrente : *Sr. García Cuervo.*

El Juez Presidente Sr. Quiñones, emitió la opinión del tribunal.

*Visto* el presente recurso gubernativo interpuesto por el abogado Don Emilio García Cuervo, á nombre de Don Rafael Torruella y Cortada, contra nota del Registrador de la Propiedad de Ponce denegatoria á inscribir una escritura de cesión del usufructo de parte de una finca urbana.

*Resultando:* Que por escritura pública otorgada en la ciudad de Ponce ante el abogado y notario de la misma D. José

F. Fernández en 21 de marzo del año en curso, Don Carlos Gavarain y Besosa cedió á Don Rafael Torruella y Cortada, por la suma de 1,000 dollars que confesó recibidos, el usufructo que le correspondía en un solar con casa de altos y bajos, de mampostería, señalada con el número 2 del Gobierno, haciendo esquina á las calles de la Villa, hoy Rafael Cordero, y de la Concordia, de la misma ciudad de Ponce, y cuyo usufructo le correspondía por legado que le hiciera su difunto padre Don Carlos Gavarain y Grajales, en el testamento cerrado que otorgara en 20 de noviembre de 1892 protocolado en la Notaría de Don Rosendo Matienzo Cintrón y en cuyo testamento se consigna por el testador ''que el legatario compareciente Sr. Gavarain y Besosa no podrá enajenar, permutar, gravar ni hipotecar la finca urbana que le correspondiese, por virtud de dicho legado, sino únicamente usufructuarla, conservando la propiedad para sus descendientes legítimos.''

*Resultando:* Que presentada esta escritura en el Registro de la Propiedad de Ponce para su inscripción, la denegó el registrador por los motivos que expresa la siguiente nota:

''Denegada la inscripción del precedente documento, porque habiéndole sido adjudicada á Don Carlos Gavarain y Besosa la participación de la finca, cuyo usufructo vitalicio cede, en pago de su parte en el legado hecho por su padre Don Carlos Gavarain y Grajales, y con la condición impuesta por éste en su testamento, de que ninguno de sus hijos podría enajenar, permutar, gravar, ni hipotecar ''en parte'' ninguna de las fincas urbanas ó rústicas, que se le adjudicasen por tal legado, sino únicamente usufructuarla conservando la propiedad para sus descendientes legítimos; esta prohibición, que es absoluta, limita la totalidad del dominio, lo mismo el usufructo que la nuda propiedad; pues es evidente que la intención del testador no fué sólo la conservación de los bienes legados para trasmitirlos á los descendientes legítimos del legatario, sino que éste los usufructuara durante su vida; y en este caso, dicha disposición queda infringida con la cesión que comprende la aludida escritura. Y tomada en su lugar anotación preventiva por cuatro meses al folio 205 del tomo 140 de este ayuntamiento, finca número 740 triplicado, anotación letra B.—Ponce y abril 16 de 1907.''

*Resultando:* Que contra esta nota ha interpuesto el Abogado D. Emilio García Cuervo á nombre de D. Rafael Torruella y Cortada él presente recurso gubernativo para que se revoque, y se ordene al registrador la inscripción de la escritura con las costas.

*Aceptando* los fundamentos de la resolución impugnada.

*Se confirma* la nota denegatoria del Registrador de la Propiedad de Ponce y devuélvasele la escritura presentada con copia de la presente resolución para su conocimiento y demás efectos procedentes.                          *Confirmada.*

Jueces concurrentes: Sres. Hernández, Figueras, MacLeary y Wolf.